**LIPSCOMB et al. v. MICHAELIAS.**
**(No. 2799.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 2, 1923. Rehearing Denied Nov. 15, 1923.)

Appeal and error ⚷═1062(3)—Sales ⚷═398—Action to recover purchase price of car held submitted to jury on erroneous issue.

In buyer's action to recover purchase price of car for failure to deliver, where defendant alleged a delivery and acceptance and subsequent loss of the car, before removal by plaintiff, by theft without fault on defendant's part, *held*, that the real issue was whether there had been a delivery, and that it was prejudicial to defendant for the court to assume delivery,

and submit as the sole issue whether the car stolen was the one that had been delivered.

Appeal from District Court, Tarrant County; Ben M. Terrell, Judge.

Action by M. J. Michaelias against D. M. Lipscomb and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

N. A. Dodge, of Fort Worth, for appellants.

Estes & Pressly, of Fort Worth, for appellee.

HODGES, J. The appellee filed this suit against the appellants to recover the sum of $560.48 paid as the purchase price of a Ford automobile. The following are substantially the facts alleged:

On October 7, 1920, the plaintiff paid appellant $535.48 for a car, to be thereafter delivered, having previously paid the sum of $25 as an advance payment. In February, 1921, a written demand for the delivery of the automobile was made, but defendants refused to make that delivery. After denying the partnership, appellants in their answer admitted the making of the contract for the sale of the automobile and the receipt by them of the purchase price from the appellee. But they say that the car was actually tendered to the appellee and accepted by him a short time after the contract of purchase was made. They further alleged that, when tendered and accepted, they entered into an agreement with the appellee by which they were to keep the car until called for some time in the future by him, and that this agreement as made solely for the accommodation of the appellee. The car remained stored in their garage till some time in January following, when it was stolen therefrom by parties unknown to appellants. Other pleadings were filed, but they are not material in disposing of this appeal.

It thus appears that the appellee sues for the price he paid for the car, and alleges a refusal to deliver. The appellants admit receiving the purchase price of the car, and allege a delivery and acceptance. They defend this suit upon the further ground that the car was stolen, without their fault, after it had been so accepted by the purchaser. According to the testimony offered by the appellants there was a delivery to, and an acceptance of the car by, the appellee. According to the testimony offered by the appellee there was a qualified tender of the car, but no acceptance by him. The controlling issue, therefore, made by both the pleadings and the evidence, is: Was there a delivery of the car?

The case, however, was submitted upon one special issue, stated in the following form:

"Was the automobile which was bought and paid for by the plaintiff, M. J. Michaelias, on or about the 7th day of October, 1920, the same automobile that was stolen from the garage of the defendants in Grape Vine, Tex., on or about the 4th day of January, 1921? Answer yes or no."

To this the jury answered, "No." The judgment entered upon that verdict contains this recital, after quoting the question and answer:

"And it appearing to the court that said special issue No. 1 resolves all matters of fact as well as of law in favor of the plaintiff, and it further appearing under said issue and the answer returned thereto that the plaintiff should have a judgment against the partnership composed," etc.

There was some testimony about the car offered to the appellee bearing a number different from the one ordered for him and mentioned in the bill of sale which accompanied the draft through which the purchase price had been paid. That testimony is not sufficient to make the question of identity a matter of serious dispute.

We are of the opinion that the decision of the case was made to turn upon the wrong issue. The court apparently assumes that the car contracted for was delivered, but that this car was not the one that was later stolen from the appellants' garage. It is manifest that the judgment was based solely upon the finding of the jury on that issue. We have carefully examined the entire testimony in this case, and feel that an injustice has probably been done the appellants.

The judgment will therefore be reversed, and the cause remanded for a new trial